IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONNIVER JOHNSON                                                          PETITIONER

VERSUS                      CIVIL ACTION NO.      3:09CV382 WHB- LRA

HUBERT DAVIS AND
THE STATE of MISSISSIPPI                                              RESPONDENTS

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the [8] Motion to Dismiss filed by Hubert Davis and The State of Mississippi [hereinafter Respondent]. Respondent moves this Court to dismiss the [1] Petition for Writ of Habeas Corpus of Donniver Johnson [hereinafter Petitioner] on the grounds that it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Having carefully considered all briefing on the matter and all the applicable law, the Court hereby finds as follows:

## FACTS AND PROCEDURAL HISTORY

On January 21, 2004, Petitioner was convicted of selling cocaine and marijuana in the Circuit Court of Leake County, Mississippi. He was sentenced to serve thirty (30) years on the cocaine charge and three (3) years for the marijuana charge; the sentences were scheduled to run concurrently. (Exhibit B to Respondents' Motion to Dismiss). Following a direct appeal, the Mississippi Supreme Court affirmed Petitioner's convictions and sentences, and denied his request for rehearing on August 18, 2005. **Johnson v. State**, 908 So. 2d 100 (Miss. 2005) ***reh'g denied*** Aug. 18, 2005. No record of the Petitioner having filed a petition for *writ of certiorari* in the United States Supreme Court is reflected in the

Mississippi Supreme Court Clerk's office or the docket of the United States Supreme Court. Although the application was signed January 26, 2006, Petitioner's first application for leave to proceed in the trial court was filed in the Mississippi Supreme Court on May 15, 2006. It was subsequently denied on May 31, 2006. (Exhibits D and E). On June 2, 2008, Petitioner filed a second application for leave to proceed (unsigned) in the trial court, and it was denied on July 2, 2008, as procedurally barred. (Exhibits F and G).

On May 30, 2009, Petitioner signed his [1] Petition for Writ of Habeas Corpus, and it was received and stamped "filed" by the Clerk of this Court on June 30, 2009.[1] As grounds for relief, Petitioner states he was (1) "unconstitutionally shackled at trial in violation of the Sixth and Fourteenth Amendments of the United states Constitution" and (2) denied effective assistance of counsel on direct appeal in violation of the Sixth Amendment to the United State Constitution." (Petition for Habeas Corpus, pgs. 5,7).

## APPLICABLE LAW

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], including the statute of limitations contained in 28 U.S.C. § 2244(d). Under § 2244(d), a petitioner must file his federal habeas relief petition challenging the state court conviction within one (1) year from the date his

---

[1] Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date that it is delivered to prison officials for mailing to the district court. **Coleman v. Johnson**, 184 F. 3d 398, 401, *reh'g and reh'g en banc denied,* 196 F. 3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000) (*citing* **Spotville v. Cain**, 149 F. 3d. 374, 376-378 (5th Cir. 1998).

conviction becomes final. 28 U.S.C. § 2244(d) provides further as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

Thus, unless the narrow exceptions of §2244 (d)(1) (B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See* **Cantu-Tzin v. Johnson**, 162 F. 3d 295 (5th Cir. 1998), *cert denied*, 119 S.Ct. 847 (1999); **Sonnier v. Johnson**, 161 F. 3d 941, 944 (5th Cir. 1998);

**Flanagan v. Johnson**, 154 F. 3d 196, n.1. (5th Cir. 1998); *see also* **Hoggro v. Boone**, 160 F. 3d 1223, 1226 (10th Cir. 1998) (§ 2244 (d)(2) requires federal courts to toll the time spent in state court post-conviction litigation.) Equitable tolling may apply to extend the one-year statute of limitations period, but only "in rare and exceptional circumstances." *See* **Scott v. Johnson**, 227 F.3d 260, 263 (5th Cir. 2000); **Davis v. Johnson**, 158 F.3d at 811. Equitable tolling will not be applied if a petitioner failed to diligently pursue habeas corpus relief, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." **Anderson v. Cockrell**, 294 F. 3d 626, 629 (5th Cir. 2002).

## ANALYSIS

### I. Argument of Respondents

In the case at hand, Respondents contend Petitioner's judgment became final on November 16, 2005, ninety (90) days after the Mississippi Supreme Court denied the petition for rehearing on August 18, 2005. Accordingly, Petitioner was required to file a "properly filed" application in compliance with §2244(d) (2) on or before November 16, 2006, to toll the period of limitations, or his habeas petition would be considered untimely. *See* **Flanagan v. Johnson**, 154 F. 3d 196, 201 (5th Cir. 1998); **Davis v. Johnson**, 158 F. 3d 806 (5th Cir. 1998). Because Petitioner's first state court PCR was signed January 26, 2006, (although not filed until May 15, 2006), it was dated prior to November 16, 2006, and was therefore tolled for one-hundred and twenty-five (125) days until it was denied on May 31, 2006.[2]

---

[2] While Petitioner's first state court PCR was signed January 26, 2006, it was not filed until May 15, 2006. Respondents, for the sake of argument in this case only,

Respondents therefore conclude that Petitioner's habeas petition was due March 21, 2007 (November 16, 2006 plus 125 days). However, because Petitioner's habeas petition was signed May 30, 2009, and filed on June 30, 2009, Respondents argue it should be dismissed as untimely.

## II. RESPONSE BY PETITIONER

Petitioner does not dispute that his petition is untimely. He argues, rather, that the statute of limitations should be equitably tolled because he suffers from a medical condition that interfered with his ability to file his habeas petition by March 21, 2007. Petitioner advises as follows (as stated by Petitioner):

> Petitioner would show that the illness caused deterioration of his health that has been going downhill since August of the year 2007 when his *pro-se* post conviction was pending decision by the Mississippi Supreme Court.

(Response to Motion to Dismiss, pg. 2). Petitioner states further that he "would show that the illness has been so fatal from this point on that it has hindered his *pro se* litigation of this Habeas Corpus Petition up until the point of now." **Id**.

## III. FINDINGS AND CONCLUSIONS

The Undersigned, having considered the motion, the record, and the applicable law, finds Respondents' calculations comport with the applicable law stated herein and the motion should be granted. The AEDPA statute began running on November 16, 2005, ninety (90) days after the Mississippi Supreme

---

calculated the mailing time from the signature date rather that the filing date. (Respondent's motion p. 4). Using that date, the time would be tolled for 125 days, making the habeas petition due in this court not later than March 21, 2007. Even with Respondent's concession of the mailing date, the petition is untimely.

5

Court denied the petition for rehearing. Although not filed until May 15, 2006, the Court considers the statute of limitations tolled from the date it was signed, January 26, 2006, until the Mississippi Supreme Court denied Petitioner's filed first state court PCR on May 31, 2006. The habeas petition was therefore due on March 21, 2007.

Assuming arguendo, the Court accepted Petitioner's claims that his medical condition interfered with his ability to timely file his habeas petition, by his own admission, his health began to deteriorate in August 2007, after AEDPA's deadline of March 21, 2007. The Court therefore finds no equitable or statutory grounds to warrant any additional tolling in this case.

It is therefore the recommendation of the undersigned United States Magistrate Judge that the motion to dismiss should be **granted,** and that the Petition for Writ of Habeas Corpus should be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. §2244(d), and should not be considered on its merits.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

6

THIS the 29th day of October 2009.

                                                             S/Linda R. Anderson
                                                     UNITED STATES MAGISTRATE JUDGE